UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| DANIEL HARVEY RIGGS,<br><br>Petitioner,<br>v.<br><br>TIMOTHY FILSON, *et al.*,<br><br>Respondents. | Case No. 3:21-cv-00071-MMD-WGC<br><br>ORDER |

Petitioner Daniel Harvey Riggs, a Nevada prisoner represented by private counsel, commenced this habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]

Petitioner challenges two convictions imposed by the Second Judicial District Court for Washoe County, Nevada ("state court"). *See State of Nevada v. Petitioner*, Case No. CR13-1067, CR13-1364.[2] In 2013, Petitioner entered a nolo contendere plea to two counts of attempted sexual assault as part of a global settlement resolving both cases. Amended judgments of conviction were entered on December 24, 2013. Petitioner appealed both convictions. On February 4, 2015, the Nevada Court of Appeals addressed five claims of error and affirmed the convictions.[3]

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed at www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[3] Petitioner challenged (1) disclosure of confidential information to prosecutors, (2) denial of defense access to a victim's health records and an independent physical and mental examination for sentencing, (3) prosecutorial misconduct, (4) denial of his motion to withdraw plea, and (5) denial of his motion to continue sentencing. *See Petitioner v.*

1    Petitioner filed two state petitions for writ of habeas corpus ("state petitions") on
2    March 8, 2018, seeking post-conviction relief. Following an evidentiary hearing, the state
3    petitions were denied. Petitioner appealed. The Nevada Court of Appeals affirmed the
4    denial of relief for three claims of ineffective assistance of counsel ("IAC") and one claim
5    that the state court erred by finding that Petitioner's testimony was not credible.[4] A
6    remittitur issued on November 3, 2020.
7    Petitioner initiated this federal habeas corpus proceeding through counsel on
8    February 2, 2021. The petition alleges 38 grounds for relief. (ECF No. 1-1.)
9    Under Habeas Rule 4, the assigned judge must examine the habeas petition and
10   order a response unless it "plainly appears" that the petitioner is not entitled to relief.
11   *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule requires courts to
12   screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably
13   incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d
14   1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)
15   (collecting cases). Having conducted an initial review, the Court will direct service of the
16   petition and a response.
17   It is therefore ordered that the Clerk of Court add Nevada Attorney General Aaron
18   D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all
19   items previously filed in this case by regenerating the notices of electronic filing to the
20   Nevada Attorney General's office only.
21   It is further ordered that Respondents will have 60 days from the date on which the
22   petition is served upon them to appear in this action, and to answer or otherwise respond

---

*State of Nevada*, Case Nos. 64778, 64780, Feb. 4, 2015 Order of Affirmance.

[4]Petitioner's IAC claims alleged that trial counsel (1) failed to inform him that victim Megan had a traumatic brain injury that may have compromised her ability to testify about the charges, (2) failed to inform him that victim Kayla initially told the police he did not rape her, and (3) failed to inform him that a certain video could not be used against him at trial. *See Petitioner v. Byrne*, Case Nos. 78740-COA, 78741-COA, Oct. 9, 2020 Order of Affirmance.

to the petition. If Respondents file an answer, Petitioner will have 60 days to file a reply to the answer. If any motion is filed, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file a set of state court exhibits relevant to the response filed to the petition, in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be

///

///

either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 22nd Day of June 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE