UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DANIEL HARVEY RIGGS,<br><br>        Petitioner,<br>  v.<br>TIMOTHY FILSON, *et al.*,<br><br>        Respondents. | Case No. 3:21-cv-00071-MMD-WGC<br><br>ORDER |

This habeas matter is before the Court on Petitioner Daniel Harvey Riggs's motion to withdraw (ECF No. 7)[1] and motion for appointment of counsel (ECF No. 10).[2] Also before the Court is petitioner's motion for order directing clerk to send docket sheet (ECF No. 8).

**I. MOTION TO WITHDRAW AND MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a counseled petition for writ of habeas corpus. (ECF No. 1.) Petitioner challenges two convictions imposed by the Second Judicial District Court for Washoe County, Nevada ("state court"). *See State of Nevada v. Petitioner*, Case No. CR13-1067, CR13-1364.[3] In 2013, Petitioner entered a nolo contendere plea to two counts of attempted sexual assault as part of a global settlement resolving both cases. The state district court sentenced him to an aggregate term of 16 to 40 years.

Petitioner is currently represented by Robert Lindsay, Esq. Counsel for Petitioner

---

[1]Respondents filed a non-opposition (ECF No. 9) to Petitioner's motion to withdraw.

[2]Respondents filed a non-opposition (ECF No. 11) to Petitioner's motion for appointment of counsel.

[3]The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed at www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

asserts that he can no longer represent Petitioner due to his present physical condition and that he is withdrawing from all but minor misdemeanor cases. The Court finds good cause exists to grant counsel's motion to withdraw.

Turning to Petitioner's motion for appointment of counsel, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). But an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel "when the interests of justice so require"); *see also id.* § 3006A(a)(2).

Petitioner's motion asks the Court to appoint counsel because of the complexity of this federal habeas action as well as the lengthy sentence structure. The Court finds Petitioner is unable to afford counsel, and the issues presented warrant the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Accordingly, Petitioner's motion for appointment of counsel is granted.

## II. MOTION FOR ORDER DIRECTING CLERK TO SEND DOCKET SHEET

Petitioner's motion requests copies of the docket sheet and all filings in his case. Generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The fundamental constitutional right of access to the courts requires prison authorities to help inmates prepare and file "meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828 (1977); it does not impose an obligation "to finance and support prisoner litigation," *Lewis v. Casey*, 518 U.S. 343, 384-85 (1996).

As a one-time courtesy to Petitioner, the Court will instruct the Clerk's office to mail him a copy of this order and the current docket sheet.

## III. CONCLUSION

It is therefore ordered that Petitioner's counsel's motion to withdraw (ECF No. 7) is

granted.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 10) is granted.

It is further ordered that Petitioner's motion for order directing clerk to send docket sheet (ECF No. 8) is granted in part. The Clerk of Court is instructed to mail Petitioner a copy of this order and the current docket sheet.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 21 days from the date of this order to enter a notice of appearance or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. All deadlines set forth in ECF No. 3 will remain in place unless otherwise ordered by the Court.

DATED THIS 13th Day of September 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE