UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

DANIEL HARVEY RIGGS,

Petitioner,

v.

TIMOTHY FILSON, *et al.*,

Respondents.

Case No. 3:21-cv-00071-MMD-WGC

ORDER

This habeas matter is before the Court on Petitioner Daniel Harvey Riggs's unopposed Motion to Extend (ECF No. 15) and unopposed Motion for Leave to File First Amended Petition (ECF No. 18) as well as consideration of Respondents' unopposed Motion to Extend (ECF No. 19).

On September 13, 2021, the Court granted Petitioner's counsel's motion to withdraw and Petitioner's motion to appoint counsel. (ECF No. 13.) The Court provisionally appointed the Federal Public Defender and instructed counsel to enter a notice of appearance. The Federal Public Defender requested additional time to enter a notice of appearance to complete a conflict check. (ECF No. 15.) On October 13, 2021, Assistant Federal Public Defender C.B. Kirschner entered her notice of appearance. (ECF No. 17.)

Petitioner requests leave to file a first amended petition for writ of habeas corpus. (ECF No. 18.) Petitioner represents that although the petition (ECF No. 5) was filed while he was represented by private counsel, it was a protective petition filed in order to preserve all claims as timely. Petitioner did not attach a proposed first amended petition and seeks permission to file a first amended petition after counsel has had a full opportunity to independently investigate all potential claims, review the state court record, and meet with Petitioner. Respondents asked the Court to extend the response deadline until the Court determined whether Petitioner would be granted leave to amend his petition. (ECF No.

19.)

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." But leave to amend "is not to be granted automatically," and the court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted). The Court finds that none of the factors above weigh against allowing the amendment sought here, especially as Respondents do not oppose Petitioner's motion. Accordingly, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court finds that leave to amend is appropriate. The Court sets forth a revised briefing schedule below.

It is therefore ordered that Petitioner Daniel Harvey Riggs's unopposed Motion to Extend (ECF No. 15) is granted.

It is further ordered that Petitioner's unopposed Motion for Leave to File First Amended Petition (ECF No. 18) is granted.

It is further ordered that Respondents are not required to respond to the petition for writ of habeas corpus (ECF No. 5).

It is further ordered that Respondents' unopposed Motion to Extend (ECF No. 19) is denied as moot.

It is further ordered that Petitioner will have 60 days from the date of this order to file a first amended petition. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

///

It is further ordered that Respondents will have 60 days from the date on which the first amended petition is served upon them to answer or otherwise respond to the petition. If Respondents file an answer, Petitioner will have 60 days to file a reply to the answer. If any motion is filed, the parties will brief the motion in accordance with LR 7- 2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file a set of state court exhibits relevant to the response filed to the petition, in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more

than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 28th Day of October 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE